## Fox vs. Palmer and others.

1. A mortgage signed in blank and given to an agent, by whom it is afterwards filled in and delivered, is not a legally executed deed. The most that can be claimed for it is, that it may create an equitable lien, which this court may, under proper circumstances, enforce.

2. If admitted to be an equitable lien, it cannot prevail over equitable rights of another who has also the legal title.

*Mr. Lippincott,* for complainant.

*Mr. Dixon,* for defendants.

THE VICE-CHANCELLOR.

The mortgage sought to be foreclosed in this suit, was put upon record after the mortgaged premises had been conveyed by the mortgagor to his daughter, and the complainant seeks to enforce his mortgage lien on the ground that the daughter was not a *bona fide* purchaser for value without notice.

Joseph Palmer, the mortgagor, was, at the date of the mortgage, November 30th, 1870, the guardian of Ella L. Palmer, his daughter, then a minor between nineteen and twenty years old, and possessed of personal property, consisting of stocks, bonds and money in Savings Bank, amounting in all to something less than $10,000. Her sister was the wife of Oscar F. Lund, and all of them resided in Jersey City. Lund was engaged in various transactions with William E. Rogers, a practicing lawyer, in Jersey City, with whom he was operating in different ways that involved the raising or borrowing of money. Through the agency of

Rogers and Lund, the premises in controversy, being real estate in Jersey City, were bought and conveyed to Palmer. They were conveyed to Palmer by Edward Dunn, for about $4000, in or about October, 1870.

The mortgage in question was signed by Palmer, in blank, and taken by Lund to Rogers. No bond is produced, but I think it sufficiently appears from the evidence, that Palmer signed a blank bond, together with the mortgage. The blank bond and mortgage were filled in with amounts and dates by Rogers, or under his direction, and were taken by Rogers and Lund to John M. Fox, the complainant, then a broker in New York, who procured, he says, from Frank W. Harris, an operator in New York, to whom the bond and mortgage are drawn, the sum named in them, to wit, $3250, and paid it over to Rogers and Lund, less his charges and fees. The bond and mortgage were afterwards assigned to Fox, who relied upon Rogers, as his attorney, to have the mortgage recorded. Rogers neglected or omitted to have it recorded till May 25th, 1871.

While the negotiations for the purchase of the property from Dunn were going on, and payments being made for it, the securities of Ella L. Palmer were made use of by her guardian, together with Lund, for the raising of money ; and in April, 1871, Ella being aware of the fact, and anxious to be paid or secured, took a conveyance of the premises from her father, which was recorded on the 13th of May, 1871.

The particulars of the foregoing transactions thus generally stated, have been testified to in whole or in part by Ella, her father, Fox, Harris, Lund and Rogers. It is difficult to say with confidence, in view of the looseness and inaccuracy of much of the testimony and the contradictory statements of the witnesses, what the true particulars are. My conclusion upon the whole case is, that the conveyance to Ella should be sustained, and the complainant's bill dismissed, but without costs. I think it cannot be doubted that the mortgage signed in blank by Palmer and afterwards filled in by Rogers, was not a valid legal deed. The most that can be claimed for it

is, that it is an equitable lien on the premises, which this court can, under proper circumstances, enforce. But if admitted to be an equitable lien, it cannot prevail against the equitable rights of Ella, who has also, the title by law. I think it altogether probable, if indeed the evidence does not prove, that the premises were purchased with the proceeds of her securities. There is some indefiniteness as to amounts, but I think there can be little doubt that the full amount paid for the property, was in fact, hers. It is proved that she had no notice of the mortgage. There is nothing, so far as I am able to see after carefully examining the evidence, which would justify me in saying that her legal title is fraudulent, or that her deed should be decreed to be a security in the nature of a mortgage, either subsequent or prior to the mortgage of the complainant.

I shall, therefore, advise that the bill be dismissed. In view of the conduct of Palmer, enabling this mortgage to be made use of to raise money, I think it a case where costs should be denied for his answer, and also, generally, as against the complainant.